UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JAKHEL BROWN                         :        CIVIL ACTION NO. 2:22-cv-03854

VERSUS                               :        JUDGE JAMES D. CAIN, JR.

ALEXANDER BIHM, ET AL.               :        MAGISTRATE JUDGE KAY

MEMORANDUM ORDER

Before the court is a Motion to Stay Discovery filed by defendant Warden Keith Cooley.
Doc. 12.  The time for response has passed, with none being filed, making the motion ripe for
resolution.  For reasons set forth below, the motion should be **GRANTED**.

I.
BACKGROUND

This lawsuit is a civil rights action brought under 42 U.S.C. § 1983 raising both state and
federal claims against defendants Msgt. Alexander Bihm, Warden Keith Cooley, and Col. Anthony
Allemand[1] in their individual and official capacities. Doc. 1.  Defendant Cooley filed a Motion to
Dismiss for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim
Upon Which Relief can be Granted, which is still pending before this court. Doc. 10.  In that
motion, defendant Cooley alleges that qualified immunity bars the claims brought against him in
this matter. *Id.*  Defendant Cooley also filed the instant Motion to Stay Discovery. Doc. 12.  The
basis for this motion is defendant Cooley's assertion that he should be shielded from the burdens
of discovery unless and until the issue of qualified immunity is resolved. *Id.*  In an unnumbered

---

[1] There is no evidence in the record that service was perfected as to defendants Bihm and Allemand. *See* doc. 18
(Summons returned unexecuted as to Anthony Allemand and Alexander Bihm).

electronic order, the undersigned ordered plaintiff to file any response he may have to the instant motion on or before June 12, 2023.  No opposition was filed in the record; thus, the motion is unopposed.

## II.
### ANALYSIS

The Fifth Circuit has established that the court must determine a defendant's entitlement to qualified immunity "at the earliest possible stage of the litigation." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)).  This is because qualified immunity is not just "a mere defense to liability" but "an immunity from suit." *Id.* (quoting *Pearson v. Callahan*, 129 S. Ct. 808 (2009)).  One of the most important benefits of qualified immunity is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).  Accordingly, Fifth Circuit precedent permits discovery only after the court determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (footnote citation omitted).  Even discovery limited to the issue of qualified immunity is permitted only if the court is unable to rule on the qualified immunity defense without additional facts, and then, only such discovery as is necessary to rule on the defense is permitted. *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987).

The question of qualified immunity is before the district court in the pending Motion to Dismiss. Doc. 10.  A trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Qualified immunity is one such preliminary question because it is an immunity from suit.  Given the pending Motion to Dismiss, staying discovery to permit resolution

of the qualified immunity issue asserted by defendant Cooley furthers his interest in being shielded from the burdens of being required to participate in discovery, pending resolution of the defense.

Plaintiff has not argued that a stay of discovery to permit resolution of the qualified immunity issue will prejudice him in any way.  In fact, plaintiff has not filed an opposition to the instant motion despite our order that he "file any response he may have" to the motion. Accordingly, we view the motion as unopposed and see no reason to deny it.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Warden Keith Cooley's Motion to Stay Discovery [doc. 12] is **GRANTED**.  All discovery in the above-entitled matter is stayed until the court rules on defendant's Motion to Dismiss [doc. 10].

THUS DONE AND SIGNED in Chambers this 27th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE