UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAKHEL BROWN** | **CASE NO. 2:22-CV-03854** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALEXANDER BIHM ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim Upon Which Relief can be Granted" (Doc. 10) filed by Defendant, Warden Keith Cooley.

## INTRODUCTION

Plaintiff, Jakhel Brown, at all times pertinent to this lawsuit, was a prisoner at the Allen Correctional Center ("ACC") in Kinder, Louisiana. On or about January 18, 2022, Brown was summoned to a meeting at Warden Cooley's office where he was informed that a "$2,000 Hit" had been placed against him. Warden Cooley and staff determined to move Brown out of the general population and into an Administrative Segregation Unit. Disgruntled by the move, Brown staged a four-day hunger strike.

On or about January 24, 2022, inmate, Michael Nichols a/k/a "Mike-Mike" was transferred into the cell with Brown. Brown alleges that "bad blood" previously existed with Mike-Mike and Brown and he was listed in Brown's enemy jacket. On January 25, 2020, Mike-Mike stabbed Brown approximately 18 times with a secreted weapon causing Brown injuries including the loss of use of one eye.

Brown alleges that Bihm acted on instructions from his supervisor and disregarded Brown's safety by placing Mike-Mike in his cell without adequately searching his belongings. Brown argues that Defendants acted with deliberate indifference to his safety and denied him rights granted by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Title 42 USC § 1983. Brown also alleges state law claims of vicarious liability and negligence.

## LAW AND ANALYSIS

Defendant Warden Cooley moves to dismiss the claims against him under both Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim.

*Dismissal pursuant to Rule 12(b)(1)*

Defendant Cooley argues that the court lacks jurisdiction over any claims brought against him in his official capacity, based on the state's sovereign immunity under the Eleventh Amendment.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995). When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true, and the Court evaluates the sufficiency of those allegations. *Isom v. Louisiana Off. Of Juv. Just.*, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981). "A motion to dismiss under

Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Hall v. Louisiana*, 974 F.Supp.2d 978, 985 (M.D. La. 2013) citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)).

Under the Eleventh Amendment of the United States Constitution, a non-consenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  This immunity is not absolute, however, a state may consent to suit or the immunity may be abrogated in certain cases by Congress. *Port Authority Trans-Hudson Corp. v. Feeney*, 110 S.Ct. 1868, 1872 (1990). The Eleventh Amendment immunity is invoked when the state is the "real, substantial party in interest.  *Warnock v. Pecos County., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). This occurs where the judgment sought would be paid by the state or would compel the state or forbid the state to act.  *Id.* Federal claims against state officials or employees in their official capacity are therefore equivalent of suits against the state.  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under §1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court. *Vogt. B. Of Comm'rs of Orleans Levee Distr.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Uni. Of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

The United States Supreme Court has specifically addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.

Defendant Cooley asserts that Plaintiff has failed to state a claim under § 1983 against them in their official capacities, and to the extent Plaintiff seeks monetary relief from the Defendant in his official capacity, all such claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

The State of Louisiana has not waived its sovereign immunity from section 1983 claims, nor has Congress abrogated sovereign immunity from section 1983 claims. Louisiana Revised Statute § 13:5106(A). Moreover, 42 U.S.C. § 1983 does not obviate or circumvent the absolute immunity provided by the Eleventh Amendment. *Champagne v. Jefferson Parish Sheriff's Office, et al.*, 188 F.3d at 314, citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979). Because Cooley is an employee of a state agency, any claims against him in his official capacity are claims against the state and are thus barred by the Eleventh Amendment. See, e.g., *Schannette v. Doxey*, 2013 WL 4516041, at *4 (W.D. La. August 22, 2013).

*Qualified immunity*

Warden Cooley moves to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the

complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Warden Cooley maintains that Plaintiff does not allege any facts as to his actions or involvement in an official or individual capacity. Thus, there is no clear indication of whether Warden Cooley is sued under a theory of "personal involvement" or "supervisor liability."

The doctrine of qualified immunity protects government officials from liability under § 1983 if their conduct does not violate "clearly established constitutional or statutory rights of which an objectively reasonable person should have known." *State of Texas ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 818 (5th Cir. 1998). A plaintiff seeking to defeat qualified immunity must show (1) that the official

violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Anderson v. Valdez*, 845 F.3d 580, 600 (5th Cir. 2016).

To prevail on the second prong, a plaintiff must show that the contours of the right are "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (cleaned up). As the Fifth Circuit recently emphasized:

> The central concept is that of "fair warning": The law can be clearly established despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. That this court has not previously considered an identical fact pattern does not mean that the litigant's rights were not clearly established. But the right also should not be defined at a high level of generality.

*Anderson*, 845 F.3d at 600 (internal quotations omitted).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate that the defense does not apply. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012). Even in this context, however, the allegations "must be taken in the light most favorable" to the plaintiff. *Anderson*, 845 F.3d at 600. Additionally, a defendant presenting his immunity defense through a Rule 12(b)(6) motion "must accept the more stringent standard applicable to this procedural route." *Reitz v. City of Abilene*, 2017 WL 3046881, at *14 (N.D. Tex. May 25, 2017) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)).

Warden Cooley argues that he cannot be held liable under the doctrine of supervisory liability or for failure to protect.

Supervisory officials may be liable under §1983 only if they affirmatively participate in constitutional violations or implement unconstitutional policies that lead to the plaintiff's injury. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Allegations that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* are insufficient to state a claim under §1983. See *Iqbal*, 556 U.S. at 67 (2009) citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a breach by the supervisor of an affirmative duty specifically imposed by state law. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

A supervisor can be held liable under §1983 if he implements a policy so deficient that the policy itself may be seen as a repudiation of constitutional rights and as the moving force behind a constitutional violation. *Thompkins v. Belt,* 828 F.2d 29 (5th Cir. 1983).

Under the Eighth Amendment of the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk. *Farmer v. Brennan*, 511 U.S. U.S. 825, 832 (1994). A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

to avoid it. *Id.* at 847. Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim. *Id.* at 837.

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1360 (2011). Warden Cooley argues that Plaintiff has not alleged facts to show that he was deliberately indifferent, or the existence of any deficient policy that may be considered the driving force behind the alleged constitutional violation, or even that there was a policy.

Here, there are no facts that Warden Cooley had a policy that amounts to deliberate indifference and there are no allegations that Warden Cooley disregarded a known or obvious consequence of his actions. To the contrary, the purpose of Warden Cooley meeting with Plaintiff was to inform him of a "Hit" and put him in a more secure unit as opposed to the general population. The Court finds that Warden Cooley is entitled to qualified immunity and therefore the Court will dismiss claims against him in his individual capacity.

*State law claims*

Plaintiff has also alleged state law claims pursuant to Louisiana Revised Statute 15:821, which creates the Department of Corrections. Plaintiff alleges that the statute imposes a duty on Warden Cooley to provide constitutionally sufficient means of care and custody of Plaintiff. Plaintiff alleges that Warden Cooley is vicariously liable for the actions of the co-defendants and breached a duty owed to Plaintiff by failing to take

adequate measures for failing to protect Plaintiff's physical safety. Again, Plaintiff alleges no facts to establish that Warden Cooley breached a duty, was negligent or vicariously liable for the actions of the co-defendants under state law.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 10) will be granted. The claims against Warden Cooley in his official capacity will be dismissed without prejudice for lack of subject matter jurisdiction; claims against Warden Cooley, in his individual capacity will be dismissed, with prejudice for failure to state a claim because Defendant Cooley is entitled to qualified immunity. Finally, the state law claims against Warden Cooley will be dismissed with prejudice for failure to state a claim.

**THUS DONE AND SIGNED** in Chambers on this 19th day of July, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**