UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAKHEL BROWN** | **CASE NO. 2:22-CV-03854** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALEXANDER BIHM ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to Serve Pursuant to FRCP Rule (4)(m)" (Doc.23) wherein Defendant Alexander Bihm and Anthony Allemand, appearing solely for the purpose of this Motion, move to be dismissed without prejudice for failure to timely effect service.

## INTRODUCTION

The instant lawsuit was filed on August 24, 2022, under 42 U.S.C. § 1983. Plaintiff Jakhel Brown is seeking damages against Alexander Bihm, Anthony Allemand, and Keith Cooley. Cooley was dismissed on July 19, 2023, pursuant to a Motion to Dismiss.[1] Counsel for Plaintiff concedes that Defendant Anthony Allemand should be dismissed because his whereabouts are unknown.[2] However, Plaintiff maintains that there is good cause for not having effected service on Defendant Alexander Bihm.

---

[1] See Doc. 21 and 22.
[2] Opposition, p. 2, Doc. 25.

## **LAW AND ANALYSIS**

Defendant Bihm moves to be dismissed because Plaintiff has failed to effect service. Defendant also requests that the Court not consider Plaintiff's objection because it was filed untimely. The Court agrees that Plaintiff's opposition was filed untimely. However, the Court is hesitant to impose such a drastic consequence by dismissing the suit because counsel for Plaintiff filed his opposition five (5) days late. Be that it may, the Court would advise counsel to be cognizant of the Rules of Civil Procedure as well as any deadlines set by this Court.

Plaintiff argues that he has good cause for failing to effect service. Plaintiff informs the Court that on June 16, 2023, he requested a reissuance of summons. The original summons was not served on Bihm because he was no longer at the facility due to a work injury. On September 22, 2023, counsel for Plaintiff contacted the Marshal's Office and was informed that the reissued summons had not been placed in the Marshal's hands. Thus, it could not be served on Defendant. Again, the Court recognizes that counsel for Plaintiff should have followed through with the summons, however, counsel cannot be faulted for the Marshal's service not being handed the summons until September 22, 2023.

The Court has contacted the Marshal's service and has been informed that Defendant Bihm was personally served on October 16, 2023. As such, the Court will not dismiss the lawsuit.

## CONCLUSION

For the reasons explained herein, the Court will grant the Motion to Dismiss for Failure to Serve Pursuant to FRCP Rule (4)(m) (Doc.23) in part and deny it in part. The Court will grant it to the extent that Defendant Anthony Allemand will be dismissed; otherwise, the Motion will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 24th day of October, 2023.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**