UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAKHEL BROWN** | **CASE NO. 2:22-CV-03854** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALEXANDER BIHM ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted" (Doc. 32) filed by Defendant, Alexander Bihm.

## INTRODUCTION

At all times pertinent to this lawsuit, Plaintiff, Jakhel Brown, was a prisoner at the Allen Correctional Center ("ACC") in Kinder, Louisiana. On or about January 18, 2022, Brown was summoned to a meeting at Warden Keith Cooley' office where he was informed that a "$2,000 Hit" had been placed against him. Defendants, Cooley, Allemand, and Maj. Laney attended the meeting with Brown.[1] After that meeting, it was determined that Brown should be moved out of the general population and into a more secure housing unit.[2] Disgruntled by the move, Brown staged a four-day hunger strike, after which he was

---

[1] Complaint, ¶ V.
[2] *Id.* ¶ VI.

transferred to another cell in the Administrative Segregation Unit ("ASU").[3] Due to more death threats, Plaintiff was transferred into another ASU cell.[4]

On or about January 24, 2022, inmate, Michael Nichols a/k/a "Mike-Mike" was transferred into the cell with Brown. Brown alleges that "bad blood" previously existed with Mike-Mike and Brown, and "Plaintiff [was] given to understand that Mike-Mike is/was listed in [Brown's] enemy jacket.[5] Defendant, Bihm, acting on instructions from his superiors, placed Mike-Mike into the cell. . ."[6] Bihm conducted a "pat-down" and "eye-ball" search of Mike-Mike.[7]

On January 25, 2020, Mike-Mike stabbed Brown approximately 18 times with a secreted weapon causing Brown injuries including the loss of use of one eye.[8]

Brown alleges that Bihm acted on instructions from his supervisor and disregarded Brown's safety by placing Mike-Mike in his cell without adequately searching his belongings. Brown argues that Defendants acted with deliberate indifference to his safety and denied him rights granted by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Title 42 USC § 1983. Brown also alleges state law claims of vicarious liability and negligence.

---

[3] *Id.* ¶ VIII.
[4] *Id.* ¶ X.
[5] *Id.* ¶ XI.
[6] *Id.* ¶ XIII.
[7] *Id.*
[8] *Id.* ¶ XIV.

## LAW AND ANALYSIS

Defendant Alexander Bihm moves to be dismissed from the instant lawsuit. He maintains that he is entitled to Eleventh Amendment Immunity for the claims of Plaintiff in his official capacity, that Plaintiff has failed to state a claim upon which relief can be granted, and is entitled to qualified immunity as to Plaintiff's individual capacity claims.

*Eleventh Amendment Immunity*

Defendant Bihm argues that the court lacks jurisdiction over any claims brought against him in his official capacity, based on the state's sovereign immunity under the Eleventh Amendment.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995). When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true, and the Court evaluates the sufficiency of those allegations. *Isom v. Louisiana Off. Of Juv. Just.*, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Hall v. Louisiana*, 974 F.Supp.2d 978, 985 (M.D. La. 2013) citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)).

Under the Eleventh Amendment of the United States Constitution, a non-consenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in

federal courts by her own citizens or by the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity is not absolute, however, a state may consent to suit or the immunity may be abrogated in certain cases by Congress. *Port Authority Trans-Hudson Corp. v. Feeney*, 110 S.Ct. 1868, 1872 (1990). The Eleventh Amendment immunity is invoked when the state is the "real, substantial party in interest. *Warnock v. Pecos County., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). This occurs where the judgment sought would be paid by the state or would compel the state or forbid the state to act. *Id.* Federal claims against state officials or employees in their official capacity are therefore equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under §1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court. *Vogt. B. Of Comm'rs of Orleans Levee Distr.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Uni. Of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). The United States Supreme Court has specifically addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.

Defendant Bihm asserts that Plaintiff has failed to state a claim under § 1983 against him in his official capacity, and to the extent Plaintiff seeks monetary relief from the Defendant in his official capacity, all such claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

The State of Louisiana has not waived its sovereign immunity from section 1983 claims, nor has Congress abrogated sovereign immunity from section 1983 claims. Louisiana Revised Statute § 13:5106(A). Moreover, 42 U.S.C. § 1983 does not obviate or circumvent the absolute immunity provided by the Eleventh Amendment. *Champagne v. Jefferson Parish Sheriff's Office, et al.*, 188 F.3d at 314, citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979).   Because Bihm is an employee of a state agency, any claims against him in his official capacity are claims against the state and are thus barred by the Eleventh Amendment.  See, e.g., *Schannette v. Doxey*, 2013 WL 4516041, at *4 (W.D. La. August 22, 2013).

*Failure to state a claim/ qualified immunity*

Defendant Bihm moves to be dismissed because Plaintiff's claims fail to state a claim upon which relief can be granted and he is entitled to qualified immunity. Bihm moves to dismiss the state law claims because Plaintiff has failed to allege any facts that would allow the Court to infer that Bihm breached a duty and is negligent and/or is vicariously liable for the actions of the co-defendants in this lawsuit under state law.

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The

court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The doctrine of qualified immunity protects government officials from liability under § 1983 if their conduct does not violate "clearly established constitutional or statutory rights of which an objectively reasonable person should have known." *State of Texas ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 818 (5th Cir. 1998). A plaintiff seeking to defeat qualified immunity must show (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Anderson v. Valdez*, 845 F.3d 580, 600 (5th Cir. 2016).

To prevail on the second prong, a plaintiff must show that the contours of the right are "sufficiently clear that every reasonable official would have understood that what he is

Page 6 of 10

doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (cleaned up). As the Fifth Circuit recently emphasized:

> The central concept is that of "fair warning": The law can be clearly established despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. That this court has not previously considered an identical fact pattern does not mean that the litigant's rights were not clearly established. But the right also should not be defined at a high level of generality.

*Anderson*, 845 F.3d at 600 (internal quotations omitted).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate that the defense does not apply. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012). Even in this context, however, the allegations "must be taken in the light most favorable" to the plaintiff. *Anderson*, 845 F.3d at 600. Additionally, a defendant presenting his immunity defense through a Rule 12(b)(6) motion "must accept the more stringent standard applicable to this procedural route." *Reitz v. City of Abilene*, 2017 WL 3046881, at *14 (N.D. Tex. May 25, 2017) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)).

Plaintiff alleges that Defendant's deliberate indifference to his physical safety has denied the rights granted to him. Under the Eight Amendment of the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). Although prison officials "have a duty…to protect prisoners from violence at the hands of other inmates," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) they "are

not…expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. This term has been defined as including an element of "subjective recklessness" as used in criminal law. *Farmer*, 511 U.S. at 837.

An official act with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk. *Id.* A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it. *Id.* at 847. In other words, for there to be liability in connection with this cause of action, there must exist an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston*, 786 F.2d at 1259. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim. Id. *at 837;* see also *Domino v. Texas Dept. of Crim. Jus.,* 239 F.3d 752, 756 (5th Cir. 2001), citing *Farmer*, 511 U.S. at 838. Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is not enough to support a failure to protect claim. *Walker v. Davis*, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1360 (2011).

Brown argues that placing a known enemy into his cell constitutes a deliberate lack of care or concern as to his safety considering that Warden Cooley was aware that there was a "$2,000 hit." Therefore, Brown maintains that his Complaint clearly established a constitutional right meeting the first prong, and the second prong is satisfied because Bihm is employed as a correctional officer. Brown remarks that "[c]ommon logic implies that putting enemies into a cramped cell is likely to cause injury to one or both."[9] Finally, Brown asserts that he has met both requisite prongs to establish subject matter jurisdiction.

Bihm remarks that the Complaint does not allege that Brown made anyone aware that Mike-Mike posed a risk to himself. The Complaint states that it was his "understanding" that Mike-Mike was on his enemy list. The Complaint alleges that the staff made Bihm aware of the hit, moved him into a more secured unit on more than one occasion. As to Bihm's actions personally, he was not an attendee at the meeting between the staff and Brown. There are no allegations that Bihm was even remotely aware that Mike-Mike was a threat to Brown, or that Mike-Mike might have been on Brown's enemy list. Bihm was instructed by his supervisor to move Mike-Mike into the cell. He performed a "pat-down" and made an "eye-ball" examination of Mike-Mike. While the pat-down did not reveal the secreted weapon, the Court does not find that Bihm's actions were

---

[9] Opposition brief, p. 3.

Page **9** of **10**

deliberately indifferent or that he violated Brown's Eighth Amendment right. Consequently, the Court finds that Bihm is entitled to qualified immunity.

Likewise, the Court further finds that the Complaint, even if taken as true does not allege sufficient facts to draw a reasonable inference that Bihm breached a duty and is negligent and/or is vicariously liable for the actions of the co-defendants under state law.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendant Alexander Bihm's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 32) and dismiss Plaintiff's claims against this Defendant.

**THUS DONE AND SIGNED** in Chambers on this 6th day of December, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**